UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| LORIE M. GUYES, individually, and as representative of a Class of Participants and Beneficiaries of the Nestle 401(k) Savings Plan, | Case No. 1:20-cv-1560-WCG |
| Plaintiff, | |
| v. | |
| NESTLE USA, INC., et al. | |
| Defendants | |

### CIVIL L.R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

NOW COMES Plaintiff, Lorie M. Guyes, individually and as representative of a Class of Participants and Beneficiaries on behalf of the Nestle 401(k) Savings Plan (the "Plan"), by her counsel, Walcheske & Luzi, LLC, and pursuant to FED. R. CIV. P. 15(a)(2) and CIVIL L. R. 15, respectfully moves this Court for an Order granting leave to file her *Amended Complaint* which is attached hereto as **Exhibit 1**.

### ARGUMENT

The instant case is a putative class action involving alleged violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. On December 8, 2020, Defendants filed *Defendants' Motion to Dismiss Plaintiff's Complaint* ("Motion to Dismiss"). (ECF No. 13.) After staying the case, (ECF No. 321), the Court had the parties file supplemental briefs in

light of the Supreme Court's vacatur and remand of *Divane v. Northwestern University,* 953 F.3d 980 (2020) in *Hughes v. Nw. Univ.*, 142 S. Ct. 737 (2022). (ECF Nos 25, 26.) Defendants' Motion to Dismiss Plaintiff's Complaint awaits disposition by this Court.

While the Seventh Circuit has yet to decide *Divane* on remand, on August 29, 2022, the Seventh Circuit decided *Albert v. Oshkosh Corp.*, _ F.4th _, 2022 WL 3714638 (7th Cir. Aug. 29, 2022). In *Albert*, the Seventh Circuit offered guidance to litigants as to the types of factual averments that create "the kind of context that could move this claim from possibility to plausibility" in light of *Hughes* and existing Seventh Circuit precedent. *Id.* at *6 (internal citations omitted).

Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2).

"The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 181–82 (1962), citing *Conley v. Gibson,* 355 U.S. 41, 48 (1957). It would be "entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities." *Id.*

Here, justice requires that this Court grant Plaintiff leave to file her *Amended Complaint* in order to supplement her factual allegations given the evolving state of the law as found in *Hughes* and *Albert.* An amendment allows for resolution on the merits rather than dismissal on mere technicalities.

WHEREFORE, Plaintiff, Lorie M. Guyes, by her counsel, Walcheske & Luzi, LLC, respectfully seeks an Order granting leave to file her *Amended Complaint* which is attached hereto as **Exhibit 1**.

Dated this 31st day of August, 2022

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

**s/ *Paul M. Secunda***
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
Paul M. Secunda, State Bar No. 1074127

WALCHESKE & LUZI, LLC
235 N. Executive Dr., Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com
E-Mail: psecunda@walcheskeluzi.com