UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| LORIE M. GUYES, individually, and as representative of a Class of Participants and Beneficiaries of the Nestle 401(k) Savings Plan,<br><br>    Plaintiff,<br><br>    v.<br><br>NESTLÉ USA, INC., BOARD OF DIRECTORS OF NESTLÉ USA, INC., And JOHN AND JANE DOES 1-30,<br><br>    Defendants. | Case No. 1:20-cv-01560-WCG<br><br>Hon. William C. Griesbach |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S EXPEDITED NON-DISPOSITIVE MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

This Court should deny Plaintiff's request for leave "to supplement her factual allegations given the evolving state of the law as found in *Hughes* [*v. Northwestern University* 142 S. Ct. 737 (2022)] and *Albert* [*v. Oshkosh Corp.*, --- F.4th ----, 2022 WL 3714638 (7th Cir. Aug. 29, 2022)]" by filing her proposed amended complaint. ECF No. 32, at 2. Plaintiff—in violation of Civil L.R. 15(b)—does not explain her amendments or otherwise identify the factual allegations she intends to supplement. Nor does Plaintiff explain what parts of her proposed amended complaint are intended to address the pleading requirements identified by the Seventh Circuit in *Oshkosh*. In any event, Plaintiff's proposed amended complaint does not (and cannot) cure the deficiencies identified by Defendants in their pending motion to dismiss. *See* ECF Nos. 14, 19. Accordingly, leave to amend should be denied as futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) (holding that courts have discretion to deny leave to amend, and appropriately do so, where amendment would be futile).

***Recordkeeping Fees.*** In its decision in *Oshkosh*, the Seventh Circuit held that an ERISA plaintiff fail[s] to state a duty of prudence claim where the complaint fail[s] to allege that the [recordkeeping] fees were excessive relative to the services rendered." 2022 WL 3714638, at *6 (quoting *Smith v. CommonSpirit Health*, 37 F.4th 1160, 1169 (6th Cir. 2022)) (internal quotation marks omitted). Because Plaintiff alleged nothing about what services the Plan, or any comparator plan, received in the original complaint, she now adds a set of allegations that all "mega" 401(k) plans can purchase nearly identical "bundled service offerings" from recordkeepers. Proposed Am. Compl. ¶¶ 38-40. On its face, this approach fails to meet the *Oshkosh* standard. Plaintiff still does not allege what services the Plan or her comparator plans actually *received. See* Proposed Am. Compl. ¶ 100 (alleging merely that comparator plans "receiv[ed] a similar level and quality of services").

Furthermore, *Oshkosh* rejected the plaintiff's attempt in that case to rely on Form 5500s to calculate recordkeeping fees. *Oshkosh*, 2022 WL 3714638, at *7 (explaining Forms 5500 do "not require plans to disclose precisely where money from revenue sharing goes"—"[s]ome revenue sharing proceeds go to the recordkeeper in the form of profits, and some go back to the investor"). Here, in spite of that holding, the proposed amended complaint continues to calculate recordkeeping fees based *solely* on Form 5500s (Proposed Am. Compl. ¶ 100)—and still does not explain how those forms yield the numbers she says the comparator plans paid (*see* ECF No. 14, at 11-12 (discussing calculations in original complaint); *see also Cunningham v. USI Ins. Servs., LLC*, 2022 WL 889164, at *5 (S.D.N.Y. Mar. 25, 2022) ("Plaintiff's allegations also crucially fail because there is no 'indication of how [she] calculated the per-participant fees for recordkeeping and administrative costs' for the Plan.")).

Finally, *Oshkosh* held, as a matter of law, that fiduciaries are not required to regularly solicit bids from service providers. 2022 WL 3714638, at *6. Here, the only specific "procedural defect" forming the basis for Plaintiff's proposed amended complaint is that "Defendants failed to effectively solicit quotes and/or competitive bids from other recordkeepers." Proposed Am. Compl. ¶ 96.

For all these reasons, Plaintiff's proposed amendment still fails to state a plausible recordkeeping claim.

*Managed Account Fees.* Plaintiff's proposed amended complaint also fails to correct the defects inherent in her claim related to the Plan's managed account fees. Although *Oshkosh* did not address managed account fees specifically, the Seventh Circuit held that with respect to both recordkeeping fees and investment management fees, it is not sufficient to merely allege that the fees the plan paid are higher than those paid by a small number of alleged comparators. *Oshkosh*,

2022 WL 3714638, at *6-8 (discussing recordkeeping fee comparisons and investment fee comparisons). That holding is equally applicable to Plaintiff's allegations in her proposed amended complaint that the managed account fees paid by the Plan are higher than the managed account fees paid by other allegedly "similar" plans. *Compare* Proposed Am. Compl. ¶¶ 126-129 *with Oshkosh*, 2022 WL 3714638, at *8 (rejecting as "threadbare" the plaintiff's allegation that "Defendants failed to consider materially similar and less expensive alternatives to the Plan's investment options" and holding, "[i]n the absence of more detailed allegations providing a sound basis for comparison … we affirm the dismissal") (internal citation and quotation marks omitted).

Plaintiff's proposed amendments to her managed account fee allegations fail for another reason: Plaintiff has no standing. In *Oshkosh*, the Seventh Circuit stated that if a plaintiff does "not personally invest in a fund with an imprudent expense ratio, then it is difficult to see how he suffered an injury in fact." *Oshkosh*, 2022 WL 3714638, at *4. The same reasoning applies here: Defendants have argued that Plaintiff lacks standing because she never personally invested in the plan's managed account service. ECF No. 14, at 15-16. Plaintiff's new allegations cannot fix this fatal defect.[1]

For the above reasons, Defendants respectfully request that the Court deny Plaintiff's motion.

---

[1] Plaintiff fails to add any new factual allegations to her self-dealing claim (*see* Proposed Am. Compl. ¶¶ 142-148) and thus fails to remedy any of the deficiencies identified by Defendants in their motion to dismiss related to that claim (ECF No. 14, at 22-24).

3

Dated: September 7, 2022                    Respectfully submitted,

                                            */s/ E. Brantley Webb*

                                            Nancy G. Ross
                                            Megan E. Troy
                                            Mayer Brown LLP
                                            71 South Wacker Drive
                                            Chicago, Illinois 60606
                                            (312) 782-0600
                                            nross@mayerbrown.com
                                            mtroy@mayerbrown.com


                                            E. Brantley Webb
                                            1999 K St. NW
                                            Washington, DC 20006
                                            (202) 263-3188
                                            bwebb@mayerbrown.com

                                            *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to all counsel of record.

*/s/ E. Brantley Webb*
E. Brantley Webb
